**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2009

Charles R. Fulbruge III
Clerk

No. 09-50229
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN DAVID SEGURA-LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-496-4

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan David Segura-Lopez appeals the sixty-month sentence he received after pleading guilty to conspiracy to possess with the intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 846. For the first time on appeal, he contends that the district court plainly erred in not awarding him a U.S.S.G. § 5C1.2 safety-valve reduction and in failing to impose a sentence below the statutory minimum. As the Government contends, the instant appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is barred by the waiver-of-appeal provision in Segura-Lopez's plea agreement, which was knowing, voluntary, and enforceable. *See United States v. Robinson*, 187 F.3d 516, 517 (5th Cir. 1999); *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994); Fed. R. Crim. P. 11(b)(1)(N).

Segura-Lopez's argument that the Government breached the plea agreement by failing to request a safety valve reduction fails because the Government was under no affirmative obligation to request such a reduction. In addition, he had two criminal history points. Thus he was statutorily ineligible to receive the safety valve reduction. U.S.S.G. § 5C1.2(a)(1). Segura-Lopez's claim that the Government engaged in prosecutorial misconduct by withholding unspecified information regarding his eligibility for safety valve consideration is wholly conclusional and is not cognizable. *See Nichols v. Scott*, 69 F.3d 1255, 1286 (5th Cir. 1995) (28 U.S.C. § 2254 case).

AFFIRMED.